IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BECKY SPENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-3185-CV-S-RED |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| *as successor by merger to Chase Home Finance LLC*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Strike Paragraph 11 of First Amended Complaint and for Dismissal of Remaining Allegations in Accordance with Court's Order Dismissing them as Pled in the Original Complaint (Doc. 16). After careful consideration, this Court **GRANTS** Defendant's Motion to Dismiss; **DENIES** Defendant's Motion to Strike Paragraph 11 of First Amended Complaint as **MOOT**; and **DISMISSES** all claims in Plaintiff's Amended Complaint as Plaintiff has failed to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff's original complaint sought monetary damages for Defendant's alleged wrongful foreclosure on her property. Missouri law requires a party "seeking damages in a wrongful foreclosure action [to] plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Fields v. Millsap and Singer, P.C.*, 295 S.W.3d 567, 571 (Mo. Ct. App. 2009) (internal quotations and citation omitted). Accordingly, the Court dismissed Plaintiff's original complaint for failure to state a claim in its July 29, 2011 Order (Doc. 12) as Plaintiff failed to allege that there was no default on Plaintiff's part when the

foreclosure proceeding began.

On August 5, 2011, the Plaintiff amended her complaint. Other than Plaintiff's addition of Paragraph 11, Plaintiff's First Amended Complaint for Wrongful Disclosure ("Amended Complaint") (Doc. 13) is identical to its original complaint. Paragraph 11 reads as follows:

> 11. That since the Defendant was not the holder of the original promissory note, it did not have the right to foreclose against the Properties.

## LEGAL ANALYSIS

A party "seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." *Fields*, 295 S.W.3d at 571. Here, Plaintiff's sole claim is for wrongful foreclosure and Plaintiff only seeks monetary damages. Therefore, under *Fields*, she must plead and prove that when the foreclosure proceeding began, the note was not in default.

Plaintiff argues that Paragraph 11 states a claim as

> a 'holder' or the party entitled to enforce a note must have actual possession of the original note to enforce same. If the Defendant did not possess the original note . . . it is not entitled to enforce the same. If Defendant is not entitled to enforce the original note . . . it can not declare it to be in default." (Plaintiff's Suggestions in Opposition to Defendant's Motion to Strike Paragraph 11 and for Dismissal of Plaintiff's First Amended Complaint - Doc. 19).

Defendant, on the other hand, argues that Plaintiff's Amended Complaint should be dismissed as Plaintiff does not contest the existence of default.

Under Missouri law, "there can be no tort cause of action for wrongful foreclosure when there is a right to foreclose." *Id.* "If the right to foreclose existed, no tort cause of action for wrongful foreclosure can be maintained." *Id.* Therefore, a plaintiff "seeking damages in a wrongful foreclosure action must plead and prove that when the foreclosure proceeding was begun, there was

2

no default on its part that would give rise to a right to foreclose." *Id.*; *See also Ice v. IB Prop. Holdings, LLC*, 2010 WL 1936175 (W.D.Mo. 2010) (granting Defendant's Motion for Summary Judgment as the evidence established that Plaintiff was in default at the time of the foreclosure sale).

Plaintiff's complaint does not address the state of her loan at the time of foreclosure. Plaintiff, instead, argues that Defendant is not entitled to enforce the note as Defendant is not the holder of hte original promissory note. This "'show me the note theory' has been uniformly rejected by courts around the country." *Hobson v. Wells Fargo Home Mortgage*, 2011 WL 3704815 at *2 (E.D. Mo. Aug. 24, 2011)(dismissing Plaintiff's wrongful foreclosure claim for failure to state a claim as "Plaintiffs [did] not present a cognizable theory upon which the Court can issue an order denying Wells Fargo's right to foreclose" when Plaintiffs relied on the "show me the note theory").

Accordingly, Plaintiff does not present a plausible theory upon which the Court can grant Plaintiff relief on her wrongful foreclosure claim and her case is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

DATED:   October 4, 2011                       */s/ Richard E. Dorr*
                                               RICHARD E. DORR, JUDGE
                                               UNITED STATES DISTRICT COURT